# IN THE COURT OF APPEALS OF IOWA

No. 15-2196
Filed August 17, 2016

**CARL GENE GARNICA,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

 Appeal from the Iowa District Court for Scott County, John D. Telleen,
Judge.


 Carl Gene Garnica appeals the district court's grant of the State's motion
for summary dismissal of Garnica's postconviction relief application. **AFFIRMED.**



 Dennis E. McKelvie of McKelvie Law Office, Grinnell, for appellant.

 Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant
Attorney General, for appellee State.



 Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Carl Gene Garnica appeals the district court's grant of the State's motion for summary dismissal of Garnica's postconviction relief (PCR) application. Garnica was convicted by a jury of second-degree sexual abuse in 2009. On direct appeal, a panel of this court affirmed his conviction but vacated the sentence in part and remanded for resentencing. *See State v. Garnica*, No. 09-0370, 2010 WL 446521, at *4 (Iowa Ct. App. Feb. 10, 2010). Now before the court is Garnica's second PCR application, filed in July 2015, in which Garnica alleges the State violated his rights under the United States and Iowa Constitutions. Specifically, he claims a licensed independent social worker impermissibly vouched for the credibility of one of the alleged victims at trial, in contravention of the Iowa Supreme Court's holding in *State v. Dudley*, 856 N.W.2d 668 (Iowa 2014). The State filed a motion for summary dismissal, claiming Garnica's second PCR action was time-barred and, in the alternative, that the claim fails on the merits. Garnica resisted.

On December 7, 2015, in a well-reasoned decision, the district court granted the State's motion for summary dismissal, noting *Dudley* did not constitute new law and thus the three-year time bar applied. *Id.* at 666 (finding "no reason to overturn th[e] well-settled Iowa law prohibiting an expert witness from commenting on the credibility of a victim in a criminal sex abuse proceeding" and "continu[ing] to hold expert testimony is not admissible merely to bolster credibility"). The district court further ruled that, even if the time bar did not apply, the argument further failed on the merits. On our review, we find no

error of law and affirm without opinion pursuant to Iowa Rule of Appellate Procedure 6.1203(a).

**AFFIRMED.**